## Josiah F. Day & *als. vs.* John Swann & *als.*

Where several individuals, acting as partners and in their partnership name, became sureties for another partnership; and after the dissolution of both partnerships were called upon to pay, and jointly paid the amount for which they were so liable; a joint action for the amount thus paid may be maintained.

This case came before the Court on a statement of facts referring to a deposition of one *Campbell,* as a part of it. From the statement and deposition, it appeared, that on the second day of *October,* 1829, the plaintiffs, *Josiah F. Day, Lewis Bachelder,* and *Cyrus G. Bachelder,* being partners in the business of making paper, in the name of *Day, Bachelder, & Co.,* and the defendants, transacting the same business in partnership, in the name of *Swann, Woodcock & Co.,* had purchased of *Campbell & Mills* a quantity of paper rags. The plaintiffs gave their note to *Campbell & Mills* for the amount of their purchase, and the defendants signed, as their sureties. This note was paid by the plaintiffs. At the same time, the defendants gave to *Campbell & Mills* a note for the amount of their purchase, signed by the defendants, as principals, and by the plaintiffs, as sureties. In each case, the partnership name was subscribed by one of the partners. The note so given by the defendants, as principals, and the plaintiffs as sureties, was put in suit, judgment recovered against both plaintiffs and defendants; and an execution was issued thereon, and given to the sheriff for collection. On *Nov.* 11, 1833, the sheriff, as appears by his return on the execution, received " of *Josiah F. Day, Lewis Bachelder,* and *Cyrus G. Bachelder,* $91,78 ;" and if the evidence is admissible, would testify, that he received a third from each. Prior to the payment of the $91,78, both partnerships had been dissolved.

The action was assumpsit for money paid, laid out and expended.

*J. S. Abbott,* for the plaintiffs.

The only question, which can be made in this case, is whether the plaintiffs can jointly maintain this action, or must bring three suits instead of one. The contract of indemnity implied by law in favor of the plaintiffs against the defendants took place when the note was signed, and both partnerships were subsisting. But it does not follow, that by a dissolution of the partnership, there were no partnership transactions unadjusted, and no partnership funds on hand. As the money was paid by the three, it is to be presumed, that the payment was from partnership funds, unless the contrary is made to appear. The sheriff cannot contradict his own return; and if he could, it would not show, that the money paid, was not joint property.

*Harding,* for the defendants.

There seems to be a tendency to destroy any certainty in the law, which yet exists ; and it is hoped, that if the substance is to be lost, that the form may be preserved.

The law is very clear, that if any cause of action exists, the remedy is by several actions, and not a joint one. Nor is this matter of form only, because the defendants may have a perfectly good defence against some of the plaintiffs, when they may not against all. The money was paid after the dissolution of the partnership, and there is no evidence of any payment from partnership funds. The presumption is against it. *Doremus* v. *Selden,* 19 *Johns. R.* 213 ; *Graham* v. *Robertson,* 2 *T. R.* 282 ; 2 *Chitty on Pl.* 8 ; 1 *Esp. N. P. Repts.* 183 ; *Buller's N. P.* 152; *Gould on Pl. ch.* 4, *sec.* 52 and 62, *ch.* 5, *sec.* 102.

The same cases shew, that signing notes, as sureties for others, is no part of any partnership business, and cannot bind any but him who signs the name.

The opinion of the Court, after a continuance, was drawn up by

WESTON C. J. — The two firms became sureties for each other in a transaction, from which each received equal benefit. Each firm had an equivalent for its suretyship, by an accommodation of

Day *v.* Swann.

the same character. There was a perfect reciprocity. An inter-
change of liability is frequently indispensable ; and each firm in
giving the notes, was acting on partnership account. The liabil-
ity, upon which the plaintiffs were charged, was joint. It was
assumed before the dissolution of their firm. While obligations
existing against them as a firm remained uncancelled, their con-
cerns could not be entirely adjusted. With regard to them, their
joint connection still continued. They pay the money, for which
they had become sureties, and thence arises a remedy over,
against the principals. Why should not that remedy be joint ?
It is more favourable to the defendants, subjecting them to one
action, instead of three. A promise of indemnity may be implied
when the suretyship was assumed, and as that was joint, so was
the promise implied.

In the case of *Doremus et al.* v. *Selden,* 19 *Johns. R.* 213, the
plaintiffs had transferred the liability, which the defendants had
assumed as indorsers of the note of hand to them, to whom they
had indorsed it. The subsequent claim of the plaintiffs was
founded altogether upon their payment of the note, which being
a debt, for which the defendants stood previously liable to the
holders, they thereby acquired a new claim upon the defendants.
And this payment having been made severally and unequally by
the plaintiffs, their right to remuneration was held to be several.
But the plaintiffs in the case before us, had jointly an implied
promise of indemnity from the defendants, from the time they
became sureties, which was not assignable in its character, as is
the liability of the makers or indorsers of a negotiable note. In
*Graham* v. *Robertson,* 2 *T. R.* 283, the difficulty was, that all
the partners had not joined in the action.

If the plaintiffs had brought three actions, instead of one, the
defendants might well have insisted, that they had jointly become
sureties on their account, and that the plaintiffs' claim being
founded on their implied promise as principals to indemnify them,
their action should have been joint. The sheriff has returned a
joint payment from the plaintiffs ; and if it were competent for
the defendants to show by parol, that one third came from the
pockets of each, they might each be in possession of partnership
property. They chose to regard the payment as joint. And if

they had prematurely divided the partnership funds, each might restore his portion of what was found to be necessary to meet a joint liability.

Upon the facts agreed, the opinion of the Court is, that the plaintiffs are entitled to judgment.